496 P.2d 746

Em'ly ATTAWAY, Plaintiff-Appellee,

v.

JIM MILLER, INC., d/b/a Paul Thorp Health Spas and Nadine Lovelady, d/b/a Lovelady Realty and Construction Company, Defendants-Appellants.

No. 750.

Court of Appeals of New Mexico.

April 14, 1972.

R. E. Richards, Girand & Richards, Hobbs, for appellant Lovelady.

L. George Schubert, Hobbs, for appellant Miller.

William J. Heck, Hobbs, for appellee.

## OPINION

SUTIN, Judge.

Defendants appeal from judgment entered on a jury verdict against them for personal injuries awarded Attaway.

We affirm.

Each defendant raises separate grounds for reversal.

## A. LOVELADY

■ Lovelady contends, (1) the trial court erred in requiring her counsel to make peremptory challenges and challenges for good cause which were made in the hearing of the jury; (2) the trial court erred in requiring her counsel to make his motion to dismiss in the hearing of the jury.

The record does not support Lovelady's contentions. It is void of any proceedings for which error is claimed. To obtain a review, the record on appeal must show such portions of the proceedings below necessary to raise claimed error on appeal. Section 21–2–1(17) (1), N.M.S.A.1953 (Repl.Vol. 4). Seinsheimer & Co. v. Jacobson, 24 N.M. 84, 172 P. 1042 (1918); State ex rel. State Highway Commission v. Sherman, 82 N.M. 316, 481 P.2d 104 (1971). Since the record does not show that challenges were exercised, or that they were exercised in the hearing of the jury, or that the motion to dismiss in the hearing of the jury was actually heard by the jury, the judgment is affirmed.

## B. MILLER

Miller contends "all the evidence" shows the relationship between Miller and Attaway to be that of master-servant and the relationship of Lovelady to Miller was that of an independent contractor. Miller claims he is not responsible for Lovelady's negligence. We do not have to decide this issue. Independent of Lovelady's negligence, substantial evidence of negligence on the part of Miller supports the determination of Miller's liability. The judgment against Miller is affirmed.

■ At oral argument, Attaway asked that damages for delay be assessed in her favor under Supreme Court Rule 17(3) [§ 21–2–1(17) (3), N.M.S.A.1953 (Repl.Vol. 4)]. However, Attaway did not, thereafter, file a motion with brief in support thereof. Nevertheless, Attaway failed to meet the conditions set forth in Anderson v. Jenkins Construction Company, 83 N.M. 47, 487 P.2d 1352 (Ct.App.1971).

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.