**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Albert David O'DAY, Defendant-Appellant.**

**No. 72–2211.**

United States Court of Appeals, Ninth Circuit.

Oct. 16, 1972.

Certiorari Denied Jan. 22, 1973. See 93 S.Ct. 975.

event the district court found the at-large plan unconstitutional.

Kenneth L. Collins, John K. Van de Kamp, Federal Public Defenders, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., William R. Hawes, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and ENRIGHT, District Judge.*

PER CURIAM:

O'Day was convicted of having robbed a bank on February 10, 1972, and a federal savings and loan association on February 13, 1971.

Immediately prior to the commencement of O'Day's trial, he filed a motion wherein he requested the District Court to rule, in advance, that the prosecution would not be permitted, in the event O'Day testified in his own behalf, to inquire of O'Day as to whether he had been previously convicted of a felony. The judge reserved his ruling, and, after the prosecution had presented its case in chief, announced his decision that should the accused testify, the prosecution would be permitted to make limited inquiry of a prior felony conviction of O'Day that was not remote.[1]

■■ O'Day offered no testimony in his own defense, and he now urges that the court's ruling improperly chilled him from exercising his privilege of testifying in his own behalf. We reject the argument. It appears to us that the District Court fairly and conscientiously exercised sound discretion, following the approach endorsed in Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (D.C.Cir.1967); Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (D.C.Cir.1965), and some of the District Courts of our own Circuit. *See, e. g.,* Burg v. United States, 406 F.2d 235, 238 (9th Cir. 1969) (concurring opinion).

Affirmed.

---

* Honorable William B. Enright, United State District Judge, San Diego, California, sitting by designation.

1. The colloquy between the court and counsel reads as follows:

"THE COURT: I am going to state on the record here that as far as the prior convictions on O'Day are concerned, Mr. Hawes has stated to the court in chambers that he does not intend to offer the—was it 1960?

"MR. HAWES: '65 or '68, the one he was convicted on.

"THE COURT: You do not intend—

"MR. HAWES: I don't intend to offer the 1960 conviction.

"THE COURT: You do intend to offer the 1965 or 1966 conviction—

"MR. COLLINS: Only—

"THE COURT: —only on the basis that the defendant was convicted of a felony. That is the only question, have you ever been convicted of a felony? He says, yes, and that's it?

"MR. HAWES: Yes, but if he testified that he never robbed a bank before and that opens the door, I can ask him what the felony conviction was for.

"THE COURT: Sure, sure.

"MR. COLLINS: There's no question that the law has been very clear on that particular point.

"THE COURT: All right, fine."