579 P.2d 808

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Eloy ARCHUNDE, Defendant-Appellant.**

**No. 3377.**

Court of Appeals of New Mexico.

May 9, 1978.

John B. Bigelow, Chief Public Defender, Reginald J. Storment, App. Defender, Santa Fe, Paul Kennedy, New Mexico Public Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of aggravated burglary and criminal sexual penetration in the third degree, defendant appeals. Section 40A–16–4(C), N.M.S.A. 1953 (2d Repl. Vol. 6) and § 40A–9–21(C), N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975). There are two issues: (1) merger, and (2) self-incrimination.

### Merger

Section 40A–16–4(C), *supra*, defines the aggravating factor of the burglary to be the commission of a battery upon any person while in, or while entering or leaving, the place of unauthorized entry. Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner. Section 40A–3–4, N.M.S.A. 1953 (2d Repl. Vol. 6). The jury was instructed as to the touching or application of force in the required manner. See U.J.I. Crim. 16.-22, numbered paragraph 3.

■ Defendant asserts that fundamental error occurred because the battery was necessarily included in the rape; "defendant simply could not have caused . . . [the victim] to engage in sexual intercourse with him without inflicting a battery on her." Defendant contends the aggravating factor of the burglary thus merged with the rape and, although he can be punished for burglary, he cannot be punished for an aggravated burglary. This contention misstates both the facts and the law; there was no error, thus no fundamental error.

■ There is evidence that the victim awoke and found the defendant on top of her. Defendant told her not to move or make a noise, or he would blow her head off. This is evidence of a battery and this battery preceded the sexual activity. Thus, there is evidence of an aggravated burglary apart from the sex offense.

■ The test of merger is whether one offense *necessarily* involves another. *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977) points out why there was no merger, either under the definition of the crimes or under the facts. What defendant is really arguing is that the same transaction test should be applied. That, however, was rejected in *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). See *State v. Young* (Ct.App.), 91 N.M. 647, 579 P.2d 179, decided April 4, 1978.

### Self-Incrimination

Defendant presented an alibi defense. Prior to beginning the defense case, defendant moved that the State be precluded from cross-examining defendant concerning a prior conviction. The motion was based on defendant's privilege against self-incrimination. Defendant claimed that if he admitted his prior conviction, this admission could be used against him in habitual offender proceedings if convicted of the charges being tried.

We do not review the actual proceedings before the jury because there is no claim that the self-incrimination claim was not properly raised, and no claim that the privilege was waived after the issue was raised. The issue before us is based on the fact that defendant took the stand in his own defense and, that during cross-examination to which defendant objected, he admitted to a prior conviction. The State does not claim this admission was not compelled.

Prior to the adoption of the evidence rules, when an accused took the witness stand, he was in the same position as any other witness. His credibility could be attacked by cross-examination as to prior convictions. *State v. Lindsey*, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970). As stated in *McGautha v. California*, 402

U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971):

> It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination. . . . It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like.

Thus, prior to the evidence rules, defendant waived his privilege against self-incrimination when he testified in his own behalf. *United States v. Brannon*, 546 F.2d 1242 (5th Cir. 1977); see *United States v. O'Day*, 467 F.2d 1387 (9th Cir. 1972).

■ Under the evidence rules, the waiver is limited. The last paragraph of Evidence Rule 608 states:

> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

■ Testimony from defendant as to his prior convictions relates only to defendant's credibility. Evidence Rule 609(a); *State v. Lindsey, supra* ; see U.J.I. Crim. 40.22. In taking the stand in his own behalf, defendant did not waive his privilege against self-incrimination in connection with his prior conviction.

■ The State contends there is no basis for applying the privilege in this case because defendant's admission of a prior conviction did not tend to incriminate the defendant. The State's argument is that habitual offender proceedings do not involve a new crime and that the prior conviction "is not the subject of punishment as such." It is true that habitual offender proceedings do not charge a distinct crime, and relate only to the punishment to be imposed for a subsequent felony conviction. *State v. Knight*, 75 N.M. 197, 402 P.2d 380 (1965); *Lott v. Cox*, 75 N.M. 102, 401 P.2d 93 (1965). This, however, simply is not an answer to the self-incrimination issue.

■ Habitual offender statutes are highly penal. *State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966). Upon proof that defendant was the person convicted of the prior felony, the penalty imposed for a subsequent felony is enhanced. *State v. Gonzales*, 84 N.M. 275, 502 P.2d 300 (Ct.App. 1972). Habitual offender proceedings involve punishment. See *State v. Lujan*, 90 N.M. 103, 560 P.2d 167 (1977). The availability of the privilege against self-incrimination "does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The privilege protects against compelled disclosures which the witness may reasonably apprehend could be used to deprive him of liberty. *In re Gault, supra*. An enhanced sentence as an habitual offender is a deprivation of liberty.

■ Defendant's admission of a prior felony conviction, if used against him, would expose defendant to an enhanced sentence. The privilege of self-incrimination applied to that admission.

■ What is the remedy when the privilege is violated? If defendant is compelled to answer, in violation of the privilege, "his answers are inadmissible against him in a later criminal prosecution." *Rainbo Baking Co. of Albuquerque, Inc. v. Apodaca*, 88 N.M. 501, 542 P.2d 1191 (Ct.App. 1975); see *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). Defendant's admission, in this case, of his prior felony conviction, may not be used against him in habitual offender proceedings. The prior conviction may, however, be proved by other means.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.