587 P.2d 50

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**David BALDONADO, Defendant-Appellant.**

**No. 3656.**

Court of Appeals of New Mexico.

Oct. 24, 1978.

Writ of Certiorari Denied Nov. 22, 1978.

John B. Bigelow, Chief Public Defender, Santa Fe, Joseph N. Gandert, Asst. Public Defender, Mark H. Shapiro, Asst. App. Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant ran a red light and collided with another vehicle which was legally within the intersection. He was charged and convicted of careless driving contrary to § 64–22–3.1(B), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972). He appeals claiming the statute is unconstitutionally vague. Other issues listed in the docketing statement and not argued on appeal are deemed abandoned. *State v. Ortiz,* 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

Section 64–22–3.1, supra, states:

". . . Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.

"B. Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances is guilty of a misdemeanor."

In deciding whether a statute is unconstitutionally vague we must decide if it gives fair notice of the proscribed criminal activity. *State v. Najera,* 89 N.M. 522, 554 P.2d 983 (Ct.App.1976). In so deciding we view the statute as a whole and words are given their ordinary meaning unless the legislature indicates to the contrary. *State v. Sierra,* 90 N.M. 680, 568 P.2d 206 (Ct.App. 1977).

Since no statutory definition of "careless", "inattentive" or "imprudent" is given, their ordinary meaning applies. The Random House Dictionary (1969 Unabridged Edition) defines "careless" as "not paying enough attention to what one does", "not exact or thorough", "done or said heedlessly or negligently." It lists as synonyms of careless; inattentive, incautious, unwary, indiscreet, reckless, inaccurate, negligent, unthoughtful, unmindful, thoughtless, forgetful and inconsiderate. Imprudent is defined as not prudent, lacking discretion, unforeseeing or rash. Inattention simply means failure to pay attention. Thus, the statute prohibits driving while not paying enough attention under the existing circumstances. The fact that one cannot predict what the circumstances might be does not make the statute vague. See *State v. Najera,* supra; *State v. Lucero,* 87 N.M. 242, 531 P.2d 1215 (Ct.App.1975).

The statute is not void for vagueness. The words of the statute are clear and definite. It gives fair warning of the proscribed activity. Under the circumstances described in the statute defendant's manner of driving was prohibited by the statute.

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.