623 P.2d 990

**John FLOWER, d/b/a Flower Construction, Plaintiff-Appellant,**

v.

**Darrell S. WILLEY and Irene Willey, His wife, Defendants-Appellees.**

No. 13195.

Supreme Court of New Mexico.

Feb. 20, 1981.

Anthony F. Avallone, Las Cruces, for plaintiff-appellant.

Martin, Martin, Lutz & Cresswell, Charles W. Cresswell, Las Cruces, for defendants-appellees.

OPINION

RIORDAN, Justice.

Plaintiff-appellant alleges one error by the trial court in this appeal in which judgment was granted against him in the amount of $1,207.84. We affirm.

Plaintiff entered into a written contract with defendants to remodel defendants' house in accordance with plans and specifications for the amount of $54,720.00. The plans and specifications were never prepared. The plaintiff encountered substantial difficulty that was not anticipated in the remodeling and many changes were requested by defendants. After paying plaintiff $69,703.00, defendants refused to make further payment and plaintiff suspended construction. In addition to the $69,703.00 paid to the plaintiff, defendants later paid several subcontractors directly for work performed prior to plaintiff's suspension of construction. Defendants completed the remodeling at their own expense.

Plaintiff, in this lawsuit, claims he is entitled to an additional $30,000. Defendants counterclaimed for a like amount. After a four day non-jury trial and consideration of 97 exhibits, the trial judge found against plaintiff and in favor of defendants. The court found that the parties had entered into a contract, but through a course of conduct they disregarded the contract with respect to the total price and "change orders". The court found that it could not enforce the contract and resolved the matter on the theory of quantum meruit. The court determined the reasonable value of the work performed by plaintiff to be $1,207.84 less than what he already had received.

Plaintiff-appellant alleges that the trial court misapplied the law to its findings and

committed error in its calculations of amounts due to plaintiff.

Appellant filed a Designation of Transcript of Proceedings with the district court which stated: "[n]o transcript of proceedings is requested in this civil action." Appellant also failed to file and serve appellee with a statement of the issues he intended to present on appeal as required by Rule 7 of the Rules of Appellate Procedure. N.M.R.Civ.App. 7, N.M.S.A.1978.

 Appellee argues that the failure of the appellant to state the issues to be presented on appeal was prejudicial and therefore the appeal should be dismissed. Appellee did not, however, make a motion for dismissal as required by Rule 16 of the Rules of Appellate Procedure. N.M.R.Civ. App. 16, N.M.S.A.1978. Since the failure of appellant to comply with Rule 7 of the Rules of Appellate Procedure was not raised until the matter was submitted for consideration, the Court should not dismiss the appeal after the issues have been briefed. This Court will construe its rules liberally so that causes on appeal may be determined on the merits. *Montgomery v. Cook*, 76 N.M. 199, 413 P.2d 477 (1966).

Appellant claims error in the trial court's application of the law to the findings of fact. Appellant also argues that the court failed to consider certain evidence in arriving at its findings of fact. When appellant challenges the court's findings, he has the duty to see that a record is properly prepared and the record on appeal must show that portion of the proceedings in the trial court necessary to raise claimed error on appeal. *Attaway v. Jim Miller, Inc.*, 83 N.M. 686, 496 P.2d 746 (Ct.App.1972). Since no transcript was prepared, appellant may not challenge the findings of fact as being unsupported by the evidence and the trial court's findings are binding upon this Court on appeal. *State ex rel. State High Commission v. Sherman*, 82 N.M. 316, 481 P.2d 104 (1971).

The only issue properly before the Court is whether the conclusions of law of the trial court are supported by the findings of fact. This Court stated in *Kerr v. Schwartz*, 82 N.M. 63, 65, 475 P.2d 457, 459 (1970) that "[u]nless, from the facts found, it must necessarily follow that the trial court erred, its conclusions and judgment cannot be disturbed on appeal." (Citation omitted.)

After reviewing the findings of fact and conclusions of law of the district court, we find no error and affirm the decision of the trial court.

We affirm.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, J., concur.