677 P.2d 1074
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Duane BRECHEISEN,
Defendant-Appellant.**

**No. 7365.**

Court of Appeals of New Mexico.

Feb. 7, 1984.

Certiorari Denied March 1, 1984.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul Bardacke, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendant appeals from his conviction for criminal sexual penetration (CSP) which resulted in personal injury to the victim, in violation of NMSA 1978, § 30–9–11(B). The CSP conviction occurred following defendant's second trial on the charge. At the first trial the jury returned a verdict against him for misdemeanor battery and disorderly conduct but could not reach agreement regarding CSP. The trial court declared a mistrial and ordered a new trial on that charge alone. The record of the second trial provides the basis for this appeal.

Defendant raises the following three issues:

I. Whether defendant's CSP conviction constitutes double jeopardy in violation of his constitutional rights.

II. Whether New Mexico statutes defining criminal sexual penetration are void for vagueness or overbroad and therefore violate defendant's constitutional rights.

III. Whether the State introduced evidence sufficient to support defendant's conviction.

We hold that none of defendant's constitutional rights have been violated and that there is sufficient evidence to support his conviction.

**FACTS**

On June 11, 1982, following a separation which lasted between one day and one week, defendant broke into the trailer which he had formerly shared with his wife and son. His wife awoke to find him kneeling naked beside her. She went to her son's room to get away from him, but defendant pulled her out of the room by her hair. He then hit her and called her names. She broke away and ran out of the trailer toward a neighbor's home. Defendant pursued her, pulled her around by the neck and dragged her back to the trailer. Defendant threatened his wife in a "rough" voice. Then, while hitting her with his fists, he forcibly had intercourse with her.

**I. Double Jeopardy**

Defendant contends that his conviction for misdemeanor battery precludes conviction for CSP under the New Mexico and United States Constitutions, because it constitutes a lesser included offense of CSP. He has the right to make this contention for the first time on appeal. NMSA 1978, § 30-1-10.

Ordinarily, to determine whether one offense is necessarily included in another offense, the specific elements of each offense must be construed in light of the case's particular facts. *State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982). We are unable to apply that test here, however, because we do not know what evidence the parties presented at the first trial. *See Attaway v. Jim Miller, Inc.*, 83 N.M. 686, 496 P.2d 746 (Ct.App.1972). The record of that proceeding is not before us, and we cannot assume that the evidence introduced at the first trial which resulted in defendant's conviction for misdemeanor battery and disorderly conduct coincides with the evidence introduced at the second trial.

We note, however, after reviewing the record of the second trial, that the evidence presented there establishes the existence of at least two separate offenses. The facts indicate that when defendant arrived at the trailer, he dragged his wife from their son's room by her hair and that he later grabbed her neck and forced her back when she ran from the trailer. Under New Mexico case law these contacts constituted separate batteries from that which occurred when defendant forced his wife to have intercourse. In *State v. Archunde*, 91 N.M. 682, 579 P.2d 808 (Ct.App.1978), the victim awoke to find the defendant lying on top of her; he told her that if she moved or made a noise he would blow her head off. This Court held that this constituted battery and that the battery did not merge into the CSP offense which followed. *See also State v. Young*, 91 N.M. 647, 579 P.2d 179 (Ct.App.1978).

The test for determining necessarily included offenses has changed since *Archunde* so that we no longer consider the statutory offenses in a vacuum but instead regard the offenses in light of the facts before us. *See State v. DeMary*. Nevertheless, the issue in determining merger remains "whether one offense *necessarily* involves another." *Archunde*, 91 N.M. at 684, 579 P.2d 808. The facts presented in the record of the second trial indicate that the battery and disorderly conduct did not necessarily involve the CSP. Thus, under the circumstances here we hold that defendant was not deprived of his constitutional protection against double jeopardy.

**II. New Mexico Statutes**

Defendant challenges statutes covering the CSP offense as void for vagueness and overbroad.

**A. Vagueness**

NMSA 1978, § 30-9-11 describes the offense of CSP as "the unlawful and intentional causing of a person, other than one's

spouse, to engage in sexual intercourse * * *." NMSA 1978, § 30–9–10(E) (Cum. Supp.1983) defines "spouse" for purposes of § 30–9–11 as "a legal husband or wife, *unless the couple is living apart* or either husband or wife has filed for separate maintenance or divorce." (Emphasis added.)

▮ Defendant urges this Court to find these statutes void for vagueness in their application to his case, because they fail to provide a definition of "living apart". He argues that this failure violates his right to due process of law under the United States Constitution. Although raised for the first time on appeal, we review his contention, because it presents a jurisdictional question. *State v. Fulton*, 99 N.M. 348, 657 P.2d 1197 (Ct.App.1983). We uphold the challenged statutes as not vague.

In a recent decision, the United States Supreme Court has described the void for vagueness doctrine as one which requires "that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). In applying this two-part test to the CSP statutes we incorporate guidelines set forth in New Mexico cases.

▮ When a defendant challenges a statute as vague, the reviewing Court presumes it to be constitutional. *See Gruschus v. Bureau of Revenue*, 74 N.M. 775, 399 P.2d 105 (1965). It considers the statute in its entirety, giving the words used their ordinary meaning unless a contrary intent is indicated. *State v. Baldonado*, 92 N.M. 272, 587 P.2d 50 (Ct.App.1978). A statute is not void for vagueness if a reasonable and practical construction can be given to its language. *State v. Segotta and Mead*, 100 N.M. 498, 672 P.2d 1129 (1983). Courts must uphold a statute unless satisfied beyond all reasonable doubt that the legislature went outside the constitution in enacting it. *Gallegos v. Home-*

*stake Min. Co.*, 97 N.M. 717, 643 P.2d 281 (Ct.App.1982).

▮ We believe that ordinary people would understand "living apart" in the context of the statute to mean, as the State contends, a suspension of the marital relationship. This is consistent with the other provision in Section 30–9–10(E)—the filing for separate maintenance or divorce. The suspension does not depend on the existence of separate abodes, as defendant seems to contend; the suspension, for example, can occur in one abode when the husband and wife no longer occupy the same bedroom. The term, suspension of the marital relationship, is similar to the long-used phrase in our divorce law—"no longer live or cohabit together as husband and wife." *See* NMSA 1978, § 40–4–3 (Repl.Pamp.1983). Suspension of the marital relationship is a factual question.

▮ In reviewing the challenged statutes we have considered the Committee Commentary to NMSA 1978, UJI Crim. 9.86 (Repl.Pamp.1982). We have read the statutes as a whole and given all words and phrases their generally accepted meaning in the context of the statutes, as required by *State v. Segotta and Mead.* Having done so, we must conclude that the committee's comment, "[a]pparently the separation need not be on account of marital difficulty; the separation by itself is sufficient to take the couple out of the spousal relationship," is an incorrect statement of the law. Interpretations offered in Committee Commentaries, while given some weight, do not control. *See State v. Sanchez*, 98 N.M. 428, 649 P.2d 496 (Ct.App. 1982).

▮ Thus, defendant and others in a similar position have notice of what conduct is prohibited within the plain meaning of the words "living apart." In addition, the legislature's use of this phrase does not encourage arbitrary and discriminatory enforcement. The challenged statutes are not void for vagueness.

## B. Overbreadth

Defendant argues that if the common sense definition of "living apart" is "the maintenance of separate abodes", the statute is unconstitutionally overbroad. As noted, we believe that an ordinary person would read "living apart" in the context of the statute to mean a suspension of the marital relationship.

 Even if defendant had made his argument in light of this definition, he would have a standing problem. The general rule governing standing requires that defendant demonstrate "that his own conduct could not be regulated by a statute drawn with the requisite specificity." *See Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). This defendant cannot do. He challenges the statute on the basis that it infringes upon the right to privacy in marriage guaranteed by the First Amendment, citing *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Since the evidence indicates that defendant and his wife had suspended their marital relationship, see discussion of sufficiency of the evidence, *infra*, he would not be able to rely upon the right to privacy in marriage.

 We recognize that both *Dombrowski* and *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973), permit an individual to raise the issue of overbreadth when certain First Amendment rights are involved, even if his own conduct is properly proscribed. The statutes challenged here, however, do not "result in burdening innocent associations." *Broadrick* at 612, 93 S.Ct. at 2916. While *Broadrick* approves overbreadth attacks by individuals who have no personal constitutional claim in cases involving free speech and in some cases involving rights of association, it does so in a limited fashion. Defendant does not fall within any of the exceptions in *Broadrick*.

In any event, our review of the challenged statutes reveals no overbreadth. Defendant's argument has no merit.

## III. Sufficiency of the Evidence

Defendant argues that the evidence does not support a finding that he and his wife were living apart at the time of the offense.

 On appeal this Court considers the evidence introduced at trial in the light most favorable to support the verdict. *State v. Santillanes*, 86 N.M. 627, 526 P.2d 424 (Ct.App.1974).

 The victim testified at trial that she asked defendant to move out, because they had had disagreements, and she wanted time to think about either getting a divorce or "trying to work it out." She said that defendant had been living elsewhere for a week or less prior to the incident.

Citing a number of reasons for their marital discord, defendant admitted that he left his home at the request of his wife and rented another trailer at the Greenwood Lodge. He took three sets of work clothes and a shaving kit with him but left other personal possessions at the home. He also admitted that he broke into the home to gain entry.

This evidence was sufficient to allow the jury to find that defendant and his wife were living apart when he committed the CSP offense.

## CONCLUSION

Defendant's conviction is affirmed.

**IT IS SO ORDERED.**

WOOD and HENDLEY, JJ., concur.