696 P.2d 1006

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Billy EDWARDS, Defendant-Appellant.**

**No. 7622.**

Court of Appeals of New Mexico.

June 26, 1984.

Certiorari Quashed March 6, 1985.

Paul Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Holly A. Hart, Public Defender Dept., Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant was originally convicted of five counts of practicing law without a license in violation of NMSA 1978, Section 36-2-28, in the Grant County Magistrate Court. The five counts were based upon the filing of five different pleadings on different dates but in the same action. Defendant appealed the convictions to the Luna County District Court, where he was again convicted of five counts of practicing without a license. A penalty of imprisonment not to exceed six months and a fine of up to $500 are provided by statute.

The Judgment and Sentence was filed and imposed on April 7, 1982. Defendant was sentenced to varying amounts of jail time for each conviction, totalling twenty months. The court ordered the defendant to serve six months, suspended fourteen months of the sentences, and ordered that defendant be placed on probation for that period. The court imposed two conditions on the probation:

(1) that "defendant shall receive psychotherapy, if available, as directed by the Area Human Resources Council, Inc. [AHRC]," and

(2) that defendant shall cease to practice law in any form.

No appeal was taken from the Judgment and Sentence.

Defendant completed his jail term in August 1982 and began serving probation. The State filed a Petition to Revoke Probation in June 1983, charging that defendant had violated the conditions of his probation. Following hearing, the district court found that defendant had violated both conditions of probation and directed that defendant serve three months additional jail time and pay the fine of $500 pursuant to the original Judgment and Sentence.

On appeal, defendant presents two issues. First, he argues that the five counts of practicing law without a license represented one offense under the statute and, consequently, he could be convicted of only one count. Therefore, he asserts, on revocation of probation the district court could not require that he serve additional jail time because he had already served six months, the maximum sentence for one offense authorized by the statute. Second, defendant argues that there was insufficient evidence that he violated either of the conditions of probation. Issues raised in the docketing statement but not briefed are abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

We reverse the trial court with respect to the first issue. Because of our disposition of this issue, we do not reach defendant's second argument on appeal. First we discuss the possibility that defendant waived the issue of double jeopardy. Then we address the question of whether, on these facts, the legislature intended to authorize punishment for more than one offense.

## WAIVER

The State contends that defendant waived his right to raise the issue of whether the five counts represented one offense. The State relies on the fact that on appeal defendant has argued only that the offenses should be merged as a matter of policy, rather than as a question of double jeopardy. The State concludes that defendant failed to preserve error as required when raising a non-jurisdictional error.

NMSA 1978, Section 30-1-10 provides, in relevant part: "No person shall be twice put in jeopardy for the same crime. The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." Defendant argues that the State has split one criminal offense into five separate prosecutions and his convictions are not authorized by the legislature under NMSA 1978, Sec-

tion 36–2–28. This argument amounts to a defense of double jeopardy under Section 30–1–10 which the defendant may raise for the first time on this appeal. *See State v. Brecheisen,* 101 N.M. 38, 677 P.2d 1074 (Ct.App.1984).

As our supreme court stated in *State v. Ellenberger,* 96 N.M. 287, 629 P.2d 1216 (1981):

> The doctrine of merger is based upon the constitutional guarantee against double jeopardy contained in the Fifth Amendment of the United States Constitution and Article II, Section 15 of the New Mexico Constitution. The scope of the double jeopardy clause was outlined by the Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969):
>
> > That guarantee [against double jeopardy] has been said to consist of three separate constitutional protections. It protects against a *second prosecution* for the same offense after acquittal. It protects against a *second prosecution* for the same offense after conviction. And it protects against *multiple punishments* for the same offense. (Footnotes omitted and emphasis added.)
>
> \*  \*  \*  \*  \*  \*
>
> We note, however, that this question is primarily one of legislative intent. Multiple punishments run afoul of the double jeopardy clause only where the Legislature has not authorized multiple punishments. *See United States v. DiFrancesco,* [449 U.S. 117], 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874). Mr. Justice Blackmun, concurring in *Whalen,* 445 U.S. at 697, 100 S.Ct. at 1441, stated, "[t]he *only* function the Double Jeopardy Clause serves in cases challenging multiple punishments is to prevent the prosecutor from bringing more charges, and the sentencing court from imposing greater punishments, than the Legislative Branch intended."

> Since the question turns on the intent of the Legislature, the "same evidence" and "necessarily involved" tests previously utilized by this Court are not constitutional litmus tests, but are merely aids for determining legislative intent.

96 N.M. at 289–90, 629 P.2d at 1218–19.

In this case we are concerned with multiple punishments for the same offense and the legislative intent with respect to the crime of unauthorized practice of law. If the legislature, in Section 36–2–28, did not authorize separate convictions and sentences for filing each pleading, then the district court's order that defendant serve additional jail time subjects the defendant to multiple punishments for a single offense. This case, in our judgment, poses unique facts which raise the possibility of multiple prosecutions for a single offense which we consider as a matter of sound judicial policy and as a matter of constitutional right. This is precisely the type of action against which the double jeopardy clause was designed to protect. *State v. Ellenberger.* ·

■ It would be particularly inappropriate to find that this defendant had waived his right to raise a claim of double jeopardy. During the original magistrate court proceedings, defendant filed a motion to discharge and replace his court-appointed attorney. Within that pleading, defendant himself raised the double jeopardy issue to the magistrate court. Subsequently, defendant was assigned another attorney. Apparently neither appointed attorney pursued the double jeopardy issue, although the record on appeal includes a copy of defendant's pro se motion, which was filed in district court in the course of the proceedings on appeal from magistrate court.

## SINGLE OFFENSE OR MULTIPLE OFFENSES

We next address the issue of whether the legislature intended that this defendant be subject to five convictions for the unauthorized practice of law where each conviction was based solely on the filing of a

separate pleading in the same district court action. Section 36-2-28 provides:

> If any person shall, without having been duly licensed to practice, * * * practice or assume to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer, he shall be guilty of an offense under this act [36-2-2, 36-2-4 to 36-2-9, 36-2-25, 36-2-26, 36-2-28 NMSA 1978], and on conviction thereof be fined not to exceed five hundred dollars [$500], or be imprisoned, for a period not to exceed six months, or both.

Defendant's double jeopardy claim requires us to determine what constitutes "an offense" under this statute.

■ Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). Once the legislature has defined a statutory offense by its prescription of the "allowable unit of prosecution," that prescription determines the scope of protection afforded by a prior conviction or acquittal. *Id.* Whether a particular course of conduct involves one or more distinct "offenses" under the statute depends on the legislative choice. *Id.;* *State v. Ellenberger.* Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guaranty is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

■ Our courts have consistently declined to adopt a general rule for determining what constitutes the authorized or unauthorized practice of law. We have held to a rule which requires that each case be examined in light of its own facts. *State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.*, 85 N.M. 521, 514 P.2d 40 (1973). The question here is not whether the filing of five pleadings constitutes the unauthorized practice of law, but whether it constitutes five separate violations of that law. Policy considerations are critical to our analysis. *State v. Smith*, 94 N.M. 379, 610 P.2d 1208 (1980). Any doubt as to whether defendant's acts constitute a single as opposed to multiple offenses should be resolved against turning a single transaction into multiple offenses. *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955).

■ We do not believe that the legislature intended that each pleading filed, undertaken within the context of a single intent to represent an individual in a legal action, should constitute a separate statutory violation. The activities listed suggest that the relevant intent is the intent to represent a client as an attorney. If we accepted the State's argument that the filing of each pleading constitutes a separate offense, we would be led to the conclusion that every act an individual engaged in within the context of representation would constitute a separate offense. Thus, for example, defendant could also be separately prosecuted under the State's theory for phoning his "client," talking with an opposing attorney, and discussing the case with his "client." Recognition of such a result would frustrate the legislative decision that "an offense" be punished by six months imprisonment and a fine of $500. We conclude that defendant's activities on behalf of a single client in a single cause of action represented one offense. *State v. Cuevas*, 94 N.M. 792, 617 P.2d 1307 (1980) (defendant guilty of only one count of contributing to delinquency of a minor where he encouraged approximately twenty minors to imbibe at party); *State v. Case*, 100 N.M. 173, 667 P.2d 978 (Ct.App.1983) (ten separate refusals to answer questions relating to single subject of inquiry constitute only one contempt); *State v. Boeglin*, 90 N.M. 93, 559 P.2d 1220 (Ct.App.1977) (taking of five separate pistols from single victim at same time constitutes one larceny). The *Cuevas* court emphasized that, in resolving such issues, the court may ask whether a sanction of multiple convictions would be "excessive under the circumstances * * *." 94 N.M. at 794, 617 P.2d at 1309. We hold that five convictions of unauthorized prac-

tice of law would be excessive under these circumstances.

Our cases which have refused to apply the doctrine of merger are clearly distinguishable from this one, both in terms of the clarity of support in the statute for multiple prosecutions and the important policy considerations which supported multiple convictions under the statutory language. In *Sanchez v. State*, 97 N.M. 445, 640 P.2d 1325 (1982), the court held that each act of receiving stolen property constitutes a separate crime in light of the statutory language which makes it unlawful to *receive* stolen property. Similarly, in *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977), the court upheld four sodomy convictions based on four separate penetrations under statutory language which stated, "Any penetration, however slight, is sufficient to complete the crime of sodomy." The language of the statute at issue here, Section 36–2–28, does not authorize five convictions under these facts.

Moreover, finding defendant liable for only one act of the unauthorized practice of law under these facts fulfills the State's objective to protect the unwary and uninformed from injury at the hands of persons unskilled or unlearned in the law. *See State Bar v. Guardian Abstract & Title Co.*, 91 N.M. 434, 575 P.2d 943 (1978). Indeed, most appellate cases dealing with the unauthorized practice of law have arisen as actions seeking to *enjoin* the unauthorized practice of law rather than in the context of criminal prosecutions. *State Bar v. Guardian Abstract & Title Co.; State ex rel. Norvell v. Credit Bureau of Albuquerque, Inc.* Thus, there is no policy consideration which argues for making this defendant liable for five separate convictions under these facts. *Cf. State v. Smith* (conviction of four counts of intent to traffic in narcotic drugs supported by seizure of four different narcotic drugs in light of public interest to deter "one-stop shopping" where narcotic drugs are concerned).

The court's order and commitment imposing a portion of the previously suspended sentences is set aside. The original judgment and sentence is vacated, and the cause is remanded with directions to correct the original judgment and sentence to reflect conviction on a single count of unauthorized practice of law.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.