This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GEORGE MENDOZA,**

Plaintiff-Appellant,

v.                                                                    **No. A-1-CA-36180**

**LUCINDA HUBER (DECEASED),**
**and RANDY AND CINDY FARMER,**
**LLC, as Successors in Interest,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

George Mendoza
Las Cruces, NM

Pro Se Appellant

The Pickett Law Firm, LLC
Mark L. Pickett
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** George Mendoza appeals the district court order recognizing Lucinda Huber[1] as the recorded title holder of real property over which the parties disputed ownership. Mr. Mendoza challenges the factual conclusions underlying the order. Having determined that those conclusions are supported by sufficient evidence, we affirm.

---

[1]Lucinda Huber died during the pendency of this action and Randy and Cindy Farmer, LLC, Ms. Huber's successors in interest, are substituted as Appellees in this appeal. We refer to Plaintiff as "Mr. Mendoza" and Defendant as "Ms. Huber" throughout the opinion for clarity.

## BACKGROUND

**{2}** The property that is the subject of this dispute is a house purchased by Ms. Huber in 1974. Ms. Huber's son, Mr. Mendoza, lived in the house with Ms. Huber until she moved out in 1980. Except for a two-month period in 1982, Mr. Mendoza lived in the house continuously after that. Mr. Mendoza claims that he paid the mortgage and property taxes on the house by turning over his social security checks to Ms. Huber every month. Ms. Huber disputes that claim and maintains that she paid the mortgage, taxes, and insurance premiums on the house. From 1991 through 2003, the parties executed several quitclaim deeds to the house transferring ownership between them. The last such deed on record, dated October 10, 2003, transferred the house from Mr. Mendoza to Ms. Huber. Mr. Mendoza filed a quiet-title action in 2008 against Ms. Huber; it was dismissed in 2010 for lack of prosecution. Mr. Mendoza later filed the complaint to quiet title that is the subject of this appeal.

**{3}** Following a bench trial, the district court entered findings of fact and conclusions of law and concluded that Ms. Huber is "the rightful title owner" of the house. Because the 2003 deed transferring title to Ms. Huber was the last deed on record, the district court determined that there was no title to quiet as to the subject property and dismissed Mr. Mendoza's quiet title action. This appeal followed.

## DISCUSSION

**{4}** Mr. Mendoza raises four issues on appeal. He contends that the district court erred in (1) failing to find that Ms. Huber gave Mr. Mendoza the house in 1980 by way of an oral, *inter vivos* gift; (2) finding that the first quitclaim deed, from 1991, did not transfer final ownership of the house from Ms. Huber to Mr. Mendoza; (3) declining to find that Mr. Mendoza's signature on the October 2003 quitclaim deed was forged and the deed obtained by fraud; and (4) failing to award the house to Mr. Mendoza on the basis of promissory estoppel.

**{5}** We review the district court's resolution of this matter to "ensure that the findings, when viewed in the light most favorable to support the [district] court's findings, are supported by substantial evidence." *Blea v. Fields*, 2005-NMSC-029, ¶ 18, 138 N.M. 348, 120 P.3d 430. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 7, 111 N.M. 137, 802 P.2d 1283. We "will not disturb findings, weigh evidence, resolve conflicts or substitute its judgment as to the credibility of witnesses where evidence substantially supports findings of fact and conclusions of law of the [district] court." *Sternloff v. Hughes*, 1978-NMSC-032, ¶ 23, 91 N.M. 604, 577 P.2d 1250.

**{6}** In applying this standard of review to the case before us, we are confronted with a procedural issue that must be resolved, namely, how to determine what evidence was presented below. Mr. Mendoza's brief in chief cites to pages from a transcript, purportedly of the trial proceedings. In response, Ms. Huber maintains that she is

unaware of the existence of such a transcript and contends that Mr. Mendoza failed to designate portions of the proceedings that should be submitted to this Court for our consideration on appeal. Indeed, no such transcript has been provided to this Court. We note the possibility that the trial was audio-recorded; however, only one CD has been submitted to this Court, and that CD contains a recording only of a short pretrial hearing during which the then-upcoming trial was continued. Thus, no audio recording of the trial has been submitted to this Court. Mr. Mendoza did not file a reply brief and so did not address the transcript-issue raised in Ms. Huber's answer brief. In sum, Mr. Mendoza has failed to provide this Court with any written or audio record of the testimony, argument, and rulings from the trial on this matter.

**{7}** It is an appellant's burden to submit a record sufficient for us to review the issues raised by the appellant. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record adequate to review the issues on appeal."). When an appellant fails to do this, we may decline to consider the appellant's issues and, in particular, we will decide factual issues on the basis of the findings of fact entered by the district court. *See Ross v. City of Las Cruces*, 2010-NMCA-015, ¶ 18, 148 N.M. 81, 229 P.3d 1253 (noting that where the appellant fails to cite to any portion of the record to support its factual allegations, the Court need not consider its argument); *see also Flower v. Willey*, 1981-NMSC-024, ¶ 7, 95 N.M. 476, 623 P.2d 990 (stating that where no transcript is provided to the appellate court, the district court's findings of fact are binding on appeal). Furthermore, upon a doubtful or deficient record, this Court will presume the district court's decision is correct and regular. *Sandoval*, 2009-NMCA-095, ¶ 65. Lastly, Ms. Huber's answer brief discussed the failure to provide relevant portions of the district court proceedings for our review on appeal, thus, Mr. Mendoza's failure to address the issue in his reply constitutes a concession in this matter. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (explaining that the plaintiffs' failure to respond in their reply brief to an argument raised in the defendant's answer brief constituted a concession).

**{8}** We recognize that Mr. Mendoza is representing himself on appeal. However, while the filings of a pro se appellant are viewed with some tolerance, the self-represented litigant must still comply with our appellate rules and will be given no greater rights than a party who is represented by counsel. *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327. Given the foregoing, in deciding this appeal we will presume the district court's findings of fact were based on evidence presented to that court, and we will disregard Mr. Mendoza's one-sided statement of the evidence set out in his brief in chief. We will limit our review to the determination of whether the district court's decision is adequately supported by its findings of fact.

**{9}** As noted above, Mr. Mendoza's first issue is a claim that Ms. Huber made a binding oral gift of the house to Mr. Mendoza in 1980. With respect to that issue, the district court made the following findings of fact and conclusions of law: (1) Ms. Huber testified that she had no intention to give the house to Mr. Mendoza; (2) the parties' actions subsequent to 1980, including the back-and-forth exchanges of quitclaim deeds

beginning in 1991, repudiate the claim that a gift occurred in 1980; (3) any improvements made to the house by Mr. Mendoza can be considered to be efforts to accommodate his own living standards or to have been performed in lieu of rent, rather than in reliance on a purported gift of the house to Mr. Mendoza; and (4) since October 10, 2003, Ms. Huber has held the property in her name without any further exchanges of quitclaim deeds. These findings are sufficient to support the court's determination that no gift of the house occurred in 1980, as they contradict the existence of more than one of the required aspects of an enforceable oral gift of real property. *See Montoya v. N.M. Human Servs. Dep't*, 1989-NMCA-017, ¶ 21, 108 N.M. 263, 771 P.2d 196 (noting that parol gifts of property may be enforceable if "there is conclusive proof of words showing that the donor intended to make a gift, that possession was taken in reliance on the gift, and that the donee made permanent and valuable improvements" in reliance on the alleged gift).

**{10}** Mr. Mendoza next argues that the 1991 quitclaim deed from Ms. Huber to him, the first in the succession of such transfers back and forth, irrevocably transferred ownership of the house to Mr. Mendoza. According to Mr. Mendoza, he never intended to transfer ownership back to Ms. Huber, leaving the 1991 quitclaim deed as the only enforceable transfer of such ownership. However, the existence of subsequent quitclaim deeds between the parties, standing alone, provides conflicting evidence regarding the intent behind each such deed. Furthermore, the district court found there was evidence that Ms. Huber paid all of the property taxes and insurance for the house throughout the years, which indicates that the parties considered her to be the "real" owner of the house. The district court resolved the conflicting evidence regarding the parties' intentions behind each successive deed against Mr. Mendoza. We will not disturb that resolution of conflicting evidence on appeal. *See Summers v. N.M. Water Quality Control Comm'n*, 2011-NMCA-097, ¶ 12, 150 N.M. 694, 265 P.3d 745 (stating that issues involving intent or knowledge are generally questions of fact to be resolved by the trial court); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (noting that on appeal we will not disturb credibility determinations made by the trial court).

**{11}** Mr. Mendoza also maintains that the last in the series of deeds, the October 10, 2003 quitclaim deed that transferred ownership of the house from Mr. Mendoza to Ms. Huber, was forged. He points out that he presented expert testimony to that effect, and argues that the district court was bound by that expert testimony because Ms. Huber did not present an expert in opposition. Mr. Mendoza's argument misstates the law. Experts' opinions, even if uncontradicted, are not conclusive on the facts in issue, and the district court may reject an expert's opinion as it chooses. *State ex rel. Martinez v. Lewis*, 1993-NMCA-063, ¶ 57, 116 N.M. 194, 861 P.2d 235. Moreover, Mr. Mendoza's prior sworn statement, made in his verified complaint, impeached his claim of forgery because he swore that while he had signed the quitclaim deed, he did not know the contents of the document he was signing. *See Rekart v. Safeway Stores, Inc.*, 1970-NMCA-020, ¶ 18, 81 N.M. 491, 468 P.2d 892 (stating that a verified complaint is equivalent to a sworn affidavit). Given the circumstances of this case, including the

parties' established practice of exchanging quitclaim deeds, the district court could properly reject the opinion of Mr. Mendoza's expert.

**{12}** Mr. Mendoza's final argument is a claim that the district court should have awarded ownership of the house to him on the basis of promissory estoppel. Ms. Huber contends that this argument was not preserved below because Mr. Mendoza failed to request findings of fact and conclusions of law concerning promissory estoppel. We agree that Mr. Mendoza's requested findings and conclusions do not mention the promissory-estoppel theory and that they fail to address at least some of the elements of such a claim. *See Khalsa v. Levinson*, 2003-NMCA-018, ¶ 24, 133 N.M. 206, 62 P.3d 297 (listing as elements of promissory estoppel (1) "a promise which induced the promisee's action or forbearance"; (2) that the promisee's reliance was reasonable; (3) that "the promisee's action or forbearance amounted to a substantial change in position"; (4) that the promisee's action or forbearance was actually foreseen by the promisor when making the promise; and (5) that "the enforcement of the promise is required to prevent injustice"). It appears that the only element discussed in the requested findings is reliance; Mr. Mendoza did request findings to the effect that he made valuable improvements to the house in reliance on the "oral vivos (sic) gift of real property[.]" The district court rejected this contention, finding that the claimed improvements can be explained as having been made in lieu of rent, or as efforts to accommodate Mr. Mendoza's own needs and living standards. Absent a record of the trial, we have no way of determining whether the court's determination was not factually supported, and as discussed above, we must therefore accept it. Accordingly, we reject Mr. Mendoza's promissory-estoppel argument, to the extent it may have been preserved below.

**CONCLUSION**

**{13}** Based on the foregoing, we affirm the district court's order.

**{14}  IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**