This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36919**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JILLIAN DIXON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals her convictions for driving under the influence of intoxicating liquor or drugs (DUI), contrary to NMSA 1978, Section 66-8-102(C)(1) (2010, amended 2016),[1] and careless driving, contrary to NMSA 1978, Section 66-8-114 (1969).

---

[1] The statute was amended in 2016, but the relevant portion (Subsection (C)(1)) did not change.

Defendant argues (1) insufficient evidence supported her careless driving conviction, (2) the two convictions violate her constitutional right to be free from double jeopardy, and (3) the metropolitan court abused its discretion by denying her late-filed request for a jury trial. We affirm.

**{2}**     This case comes to us after Defendant's convictions in the metropolitan court were affirmed on appeal by the district court. Because this is a memorandum opinion, we will not set forth a factual background and instead, we adopt the district court's comprehensive recitation of the evidence as controlling in this appeal. Defendant did not challenge that recitation, except to add that no attorney accompanied her to her arraignment, which we acknowledge. Therefore, with this exception, we rely on the district court's statement of facts in addition to our own review of the evidence.

## I.     Sufficiency of the Evidence (Careless Driving)

**{3}**     Defendant contends that the evidence was insufficient to support her careless driving conviction, arguing that the occurrence of an accident, on its own, is insufficient to prove carelessness. We address whether the evidence, viewed "in the light most favorable to the [S]tate," *State v. Gallegos*, 2011-NMSC-027, ¶ 15, 149 N.M. 704, 254 P.3d 655 (explaining the appellate standard of review for sufficiency of the evidence), could justify a finding that Defendant drove "in a careless, inattentive or imprudent manner without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances." Section 66-8-114.

**{4}**     The State presented evidence of the severity of the accident and how it occurred, which, viewed in the light most favorable to the State, established that Defendant caused the accident and that this was the type of accident arising from a miscalculation or misjudgment. At trial, two police officers testified to "their observations of the accident scene in that it appeared the vehicle lost control, skidded sideways, struck the center median, rotated and hit the curb, and hit a shrub." This evidence is sufficient to establish that Defendant was inattentive to the width and corners of her traffic lane, and therefore, sufficient to support Defendant's careless driving conviction. *See State v. Yarborough*, 1996-NMSC-068, ¶ 21, 122 N.M. 596, 930 P.2d 131 (holding that "the careless-driving statute requires only a showing of ordinary or civil negligence"); *State v. Baldonado*, 1978-NMCA-111, ¶ 4, 92 N.M. 272, 587 P.2d 50 ("[T]he statute prohibits driving while not paying enough attention under the existing circumstances.").

## II.     Double Jeopardy

**{5}**     Defendant argues that her convictions violated her Fifth Amendment right to be free from double jeopardy. We review this issue de novo and apply the analysis set out in *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223 (examining whether the conduct is unitary, and, if so, whether the Legislature intended to punish the offenses separately). Here, no violation occurred because the two convictions were not based on unitary conduct. Defendant's per se DUI offense was complete, although continuing, as soon as she started driving. *Cf. State v. Sims*, 2010-NMSC-027, ¶¶ 26-

27, 148 N.M. 330, 236 P.3d 642 (holding that the driving element of DUI requires proof of "an overt act sufficient to establish actual physical control of the vehicle along with the general intent to drive"). Defendant's careless driving charge, by contrast, was predicated on the accident and therefore occurred later during her drive home. The moment Defendant started driving was the "identifiable point at which one of the charged crimes had been completed and the other not yet committed." *State v. Torres*, 2018-NMSC-013, ¶ 19, 413 P.3d 467. Because the conduct underlying each offense was separate and distinct, we conclude that Defendant's separate convictions were proper.

### III.    Jury Demand

**{6}**    Defendant's right to a jury trial in this case is statutory, and she was required to demand a trial by jury within ten days of entering her plea. *See* NMSA 1978, Section 34-8A-5(B)(2) (1981) ("The demand shall be made orally or in writing to the court at or before the time of entering a plea or in writing to the court within ten days after the time of entering a plea."). Defendant filed an untimely jury demand, which was denied by the metropolitan court.

**{7}**    On appeal, Defendant argues that even though Section 34-8A-5(A) states, "If demand is not made pursuant to this subsection, . . . trial by jury is deemed waived[,]" it creates only a rebuttable presumption of waiver. Defendant, however, did not raise this argument or invoke a ruling on these grounds below, and thus failed to preserve it for appeal. *See* Rule 12-321 NMRA; *State v. Astorga*, 2015-NMSC-007, ¶ 41, 343 P.3d 1245 (stating that preservation requires that a party "object to a trial court's ruling on the same grounds argued in the appellate court" (internal quotation marks and citation omitted)). Because Defendant failed to preserve this issue, we review only for fundamental error. *See* Rule 12-321(B)(2)(c); *State v. Barber*, 2004-NMSC-019, ¶¶ 8, 13-18, 135 N.M. 621, 92 P.3d 633 ("The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice."). "Although we exercise the power to review for fundamental error guardedly, we also recognize that there exists in every court an inherent power to see that a man's fundamental rights are protected in every case." *State v. Barber*, 2004-NMSC-019, ¶ 8 (alterations, internal quotation marks, and citation omitted).

**{8}**    Pursuant to Rule 7-104(B)(1)(b) NMRA, the metropolitan court had discretion to grant or deny an untimely motion for a jury demand if the defendant demonstrates that the failure to act resulted from excusable neglect. The court, after reviewing Defendant's motion, determined that it should be denied because the case had been pending for nearly one year and had been set for trial four times without a request for a jury trial. Detecting no fundamental error, we affirm.

### CONCLUSION

**{9}**    We affirm Defendant's convictions.

**{10}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**