800 P.2d 214

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Tammy E. CRUZ, Defendant–Appellant.**

**No. 12250.**

Court of Appeals of New Mexico.

Sept. 6, 1990.

Certiorari Denied Oct. 17, 1990.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hollis Ann Weisz, Appellate Defender, Samantha Dunning, Santa Fe, for defendant-appellant.

OPINION

ALARID, Judge.

Defendant appeals her conviction of battery upon a police officer in a rude, insolent or angry manner, contrary to NMSA 1978, Section 30–22–24 (Repl.Pamp.1984). She raises two issues on appeal: (1) whether the statute which she violated was void for

vagueness or overbroad; and (2) whether her trial counsel rendered ineffective legal assistance. We affirm.

We take the following facts from defendant's docketing statement and memorandum opposing our calendar notice proposing summary affirmance. *See State v. Calanche,* 91 N.M. 390, 574 P.2d 1018 (Ct. App.1978). The Raton police jailed several of defendant's acquaintances due to a fracas outside a bar in Raton. Defendant visited her mother, one of those whom the police incarcerated, at the police station. While there, defendant began a conversation with a police officer. She called the officer a name he found offensive, and they began to scuffle. Defendant kicked the officer during this scuffle. After a trial, the jury found defendant guilty.

## ISSUES RESOLVED SUMMARILY

Defendant challenges Section 30–22–24 as being void for vagueness. We have previously stated the aggravated "rude, insolent or angry" aspect of touching or applying force is indistinguishable from intent to injure. *State v. Kraul,* 90 N.M. 314, 563 P.2d 108 (Ct.App.1977). That definition, provided by this court in 1977, was sufficient to reasonably define defendant's conduct as criminally culpable. *See State v. Brecheisen,* 101 N.M. 38, 677 P.2d 1074 (Ct.App.1984).

Also, defendant argues pursuant to *State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer,* 103 N.M. 655, 712 P.2d 1 (Ct.App.1985), that if she "had a better lawyer, she would have won." She raises this issue for the first time in a motion to amend her docketing statement. Defendant must demonstrate prejudice arising from her trial counsel's representation of her. *See State v. McGuinty,* 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982). Because she failed to do so, her claim of ineffective assistance is not viable. We thus deny her motion to amend. *State v. Moore,* 109 N.M. 119, 782 P.2d 91 (Ct.App.1989).

## OVERBREADTH

■ Section 30–22–24 prohibits striking or applying force to a police officer in a "rude, insolent or angry" manner when the officer is discharging his or her duties. Defendant argues that Section 30–22–24 is void on its face. Whether or not her particular conduct is constitutionally protected, she has standing to challenge the facial validity of the statute if it encompasses protected activity in the abstract. *See Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

■ In arguing that Section 30–22–24 is overbroad, defendant necessarily relies on the notion that the statute impermissibly encompasses protected speech. She states that there is no way of assuring that her speech, i.e., the name-calling, was not a part of the reason why the jury found defendant to have acted in a "rude, insolent or angry" manner. We cannot determine from the jury instructions or verdict form whether the speech was a part of the jury's finding that defendant acted in such a manner. However, her speech was not the sole basis of her criminal responsibility. The jury had to find that defendant touched or applied force to the police officer. *See* § 30–22–24. *See also* SCRA 1986, UJI Crim. 14–2210.

When constitutionally protected conduct is, of itself, made a crime, then the criminal sanction is unconstitutional. *See Norwell v. City of Cincinnati,* 414 U.S. 14, 14, 94 S.Ct. 187, 187, 38 L.Ed.2d 170 (1973) (per curiam) (conviction of 'noisy, boisterous, rude, insulting or other disorderly' conduct for shouting at police officer is punishment for constitutionally protected activity). In contrast, Section 30–22–24 requires the conjunctive facts of rudeness, insolence or anger, possibly evinced or accompanied by speech, with touching or applying force. *See State v. Kraul.* The state punished defendant for the inseparable combination of what may be a protected activity and what was clearly not a protected activity.

■ Justice Black stated long ago, "[I]t has never been deemed an abridgment of freedom of speech or press to make a course of conduct illegal merely because

the conduct was in part initiated, *evidenced, or carried out* by means of language, either spoken, written, or printed." *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502, 69 S.Ct. 684, 691, 93 L.Ed. 834 (1949) (emphasis added). Where, as here, defendant couples his rude, insolent, or angry remarks with force upon a police officer, the jury could properly find defendant guilty of battery upon a police officer. Under the record before us, we find the statute is not vague or overbroad and the challenge to the constitutionality of Section 30–22–24 to be without merit.

CONCLUSION

We affirm.

IT IS SO ORDERED.

BIVINS, C.J., and DONNELLY, J., concur.