This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO.   31,876

**JOSEPH SANDOVAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Joseph Sandoval (Defendant) appeals his conviction for DWI. We proposed to affirm in a calendar notice, and Defendant has responded with a memorandum in opposition and a motion to amend the docketing statement. We have carefully considered Defendant's arguments, but we find them unpersuasive. We deny Defendant's motion, and we affirm Defendant's conviction.

Defendant was stopped after making a wide turn. According to the tape log of the trial, the officer testified that Defendant "turned left of center," and "went into the oncoming traffic." [RP 76] Defendant does not contend that this was not included in the officer's testimony. Instead, Defendant claims that the facts in the docketing statement do not refer to that testimony, and this Court cannot rely on them. We point out that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise. *State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978). Here, the record on appeal shows that the officer's testimony was not limited to Defendant making a wide turn, but also included the officer's observations that, when Defendant turned, he turned left of center and "went into the oncoming traffic." [RP 76] As discussed in our calendar notice, this provided reasonable suspicion that Defendant was breaking or had broken the law. Therefore, the district court correctly determined that the officer had reasonable suspicion to conduct the stop. To the extent that Defendant claims the officer was too far away

to observe Defendant's driving, it was for the district court to determine the credibility of the witnesses.

Defendant continues to claim that the evidence was insufficient to support his conviction. Defendant again suggests that, because the video had no audio, it was not possible to know what happened during the field sobriety tests. The officers testified that Defendant had slurred speech, bloodshot eyes, smelled of alcohol, and admitted to drinking. The district court watched the videotape and heard testimony that the results of the tests indicated Defendant was under the influence of alcohol. The district court was presented with evidence that Defendant's BAC was over the legal limit. In addition, the district court heard testimony from Defendant, including his claim that he told the officer he had not been drinking alcohol, and his explanations for problems he had with the tests. [RP 78] It was the duty of the district court to decide whether a particular witness's testimony was credible to determine the weight to be given to the evidence and to resolve any conflicts in the testimony presented by the parties. *See State v. Marquez*, 2008-NMCA-133, ¶ 18, 145 N.M. 31, 193 P.3d 578. The evidence presented to the district court was sufficient to support Defendant's conviction.

Defendant seeks to amend his docketing statement to include two claims. Defendant also raises a third issue that was not included in his docketing statement.

Issues raised by an appellate attorney after picking through the record are disfavored. *State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Issues that are not viable are not "deserving of being added to the docketing statement." *Moore*, 109 N.M. at 129, 782 P.2d at 101. In order to be included in an amendment of the docketing statement, an issue must be either properly preserved or allowed to be raised for the first time on appeal, and the issue must be arguable or viable as opposed to devoid of merit. *Id.*

Defendant claims that the State violated discovery rules by failing to provide the video until the morning of the trial in magistrate court. [MIO 8] Defendant made an objection and was allowed to view the video. Defense counsel, State's counsel, and the magistrate district judge viewed the video together. [MIO 3] Defense counsel then unsuccessfully objected to the fact that the video had no audio. Defendant was convicted in magistrate court. When the case was appealed to the district court, Defendant objected to admission of the video because there was no audio. [RP 77]

Prejudice from late disclosure of evidence occurs when the evidence is material, and the disclosure is so late that the defendant's preparation for trial is undermined. *State v. Harper*, 2011-NMSC-044, ¶ 20, 150 N.M. 745, 266 P.3d 25. Here, the magistrate court allowed Defendant an opportunity to view the video before the trial

4

in that court. In addition, Defendant was well aware of the video, its contents, and the fact that there was no audio on the video by the time the case went to trial in the district court. Defendant was not prejudiced and, therefore, this issue is not viable.

Defendant claims that the State failed to prove that Defendant drove a car and that within three hours of driving, his BAC was .08. [MIO 8] There is nothing to indicate that this issue was brought to the attention of the district court. Because the issue was not preserved, we deny Defendant's motion to amend his docketing statement to include this issue.

Defendant argues that his counsel was ineffective for failing to ask for a jury trial in the district court. According to Defendant, the case was first set for a jury trial, but his attorney received a message that a motion needed to be filed in order for Defendant to have a jury trial. [MIO 10] Defendant claims that his attorney was not able to file a motion in time, but also concedes that no objection was made to the bench trial. [Id.] First, the issue was not preserved. Second, the contentions made by Defendant are not supported by the record. "Matters not of record present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296. Third, Defendant has not demonstrated that his counsel's failure to request a jury trial fell below the conduct of a reasonably competent attorney or that he was prejudiced by his counsel's actions. Finally, given the evidence presented in support of

Defendant's conviction, the issue is not viable because the fact that Defendant was convicted by a judge rather than a jury does not amount to reversible error. *See State v. Cruz*, 110 N.M. 780, 781, 800 P.2d 214, 215 (Ct. App. 1990). Our conclusion does not preclude Defendant from bringing a habeas corpus proceeding in the future.

We deny Defendant's motion to amend the docketing statement. For the reasons discussed in this Opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**