This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 33,741**

**TRISHA FRANK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Trisha Frank (Defendant) appeals from the judgment, sentence, order partially suspending sentence and commitment to the San Juan County Detention Center. [RP 123] Defendant was convicted after a jury trial of battery upon a peace officer, battery against a household member, and resisting, evading, or obstructing an officer. [RP

123-24] Defendant raises four issues on appeal. [DS 5] This Court's calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

{2} **Issue 1:** In the memorandum, Defendant continues to argue that the district court erred by not granting Defendant's motion for a directed verdict on the battery upon a peace officer charge, because there was no evidence presented of an actual injury to or actual threat to the safety of Officer Brown. [DS 5; MIO 10-11] Defendant continues to contend that the officer's testimony did not establish that he suffered any welts or bruises or that the officer sought treatment after Defendant kicked him in the groin. [MIO 23] We are not persuaded.

{3} As we discussed in the calendar notice, the jury could reasonably infer that when Defendant kneed the officer in the groin causing him pain, he suffered an actual injury or an actual threat to his safety. *See State v. Cruz*, 1990-NMCA-103, ¶ 8, 110 N.M. 780, 800 P.2d 214 (holding that where the "defendant coupl[ed] his rude, insolent, or angry remarks with force upon a police officer, the jury could properly find [the] defendant guilty of battery upon a police officer"); *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686. 986 P.2d 482 (recognizing that it is for the fact

finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

**{4}** We affirm Defendant's conviction for battery upon a peace office.

**{5}** **Issue 2:** In the memorandum, Defendant continues to argue that the district court erred in denying her motion in limine and her objections, during trial, seeking to exclude evidence that Defendant was intoxicated while caring for her young children and had threatened them. [DS 5; MIO 5-10] Defendant also continues to argue that this evidence was inadmissible bad character evidence pursuant to Rule 11-404(B) NMRA, and that it unduly prejudiced Defendant in violation of Rule 11-403 NMRA. [RP 61-62; MIO 10-11] Applying the applicable abuse of discretion standard of review with regard to the admission of evidence and the weighing of possible prejudice that we discussed in the calendar notice, we find no abuse of discretion here. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (stating that "[w]e review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse"); *see also State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829 ("Determining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the trial court. In determining whether the trial court has abused its discretion in applying Rule 11-403, the appellate court considers the probative value of the evidence, but the fact that

some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion." (internal quotation marks and citations omitted)).

{6}     We remain persuaded that the evidence of Defendant's intoxication while caring for the children is probative of and relevant to the State's burden of proving whether, why, and how Defendant battered Smith, particularly that Defendant acted aggressively and was the aggressor in the battery charges. *See* Rule 11-401 NMRA (providing that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action"). The battery upon a household member crime came about when the victim, Ricky Smith, returned home and found his girlfriend, Defendant, to be intoxicated while at home with the children. [RP 65] As a result, Smith and Defendant argued, and during the argument, Defendant battered Smith. Thus, as the State argued, the probative value is high because the fact that Defendant was drinking while caring for her children is what started the argument. [MIO 7, RP 66] Moreover, because the evidence has considerable probative value as context for the sequence of events, the district court did not abuse its discretion in determining that admission outweighed its prejudicial effect: Defendant's drinking while caring for the children started the argument; the argument led to the battery on Smith, a household member; as a result, the police were called; Defendant resisted the officer; and then the battery

4

on a peace officer occurred. *See State v. Hogervorst*, 1977-NMCA-057, ¶ 46, 90 N.M. 580, 566 P.2d 828 ("The fact that competent evidence may tend to prejudice the defendant is not grounds for exclusion of that evidence. The question is whether the probative value of the evidence was outweighed by its prejudicial effect." (internal quotation marks and citation omitted)). Finally, the State did not offer this evidence as bad character evidence. Rather, it was offered to show that on this particular occasion, Defendant's intoxication while caring for the children gave rise to the charges Defendant faced in this case. [RP 66-67]

{7}     Because we cannot say that the district court abused its discretion, we affirm the district court on this issue.

{8}     **Issue 3:** Defendant further continues to argue that the district court erred by denying Defendant's motion in limine seeking to preclude the State from impeaching Defendant by use of her otherwise valid felony conviction of child abuse. [DS 5; MIO 12-15] *See* Rule 11-609(A)(1)(b) NMRA (providing that, for impeachment purposes, evidence that an accused has been convicted of a felony "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant"). Defendant sought exclusion of evidence that Defendant was previously convicted of abuse of a child

(negligently caused), a felony, on August 27, 2007. [RP 60-61] The district court denied Defendant's motion and, as a result, she did not testify at trial. We affirm.

**{9}** Evidence of a defendant's prior felony conviction is probative of his or her credibility and reliability as a witness. *See State v. Lindsey*, 1969-NMCA-121, ¶ 51, 81 N.M. 173, 464 P.2d 903; *see also State v. Williams*, 1966-NMSC-145, ¶ 9, 76 N.M. 578, 417 P.2d 62 (recognizing that the New Mexico Supreme Court has repeatedly held that on cross-examination, the State may establish by the accused the fact of a prior conviction). Moreover, Defendant was charged with battery on a household member; battery upon a peace officer; and resisting, evading, or obstructing an officer, crimes that are not so similar to Defendant's prior felony conviction for negligent child abuse so as to outweigh the probative value of testing Defendant's credibility with it.

**{10}** Citing numerous law review articles, Defendant argues that both the prior felony of negligent child abuse and Defendant's intoxicated behavior while caring for her children on the date at issue here should have been ruled inadmissible because of their prejudice to Defendant, that Defendant is a bad mother, is overwhelming compared to the reasons justifying admission. [MIO 5-15] We disagree.

**{11}** While both the prior felony conviction and the intoxication evidence (Issue 2) happen to relate to Defendant's behavior around her children, they consist of separate

incidents, and each was offered for separate, relevant, and legitimate purposes that the district court could conclude outweighed prejudicial effect. Thus, contrary to Defendant's assertion of inconsistency in this Court's analysis [MIO 13], we believe that the district court did not abuse its discretion in determining that Defendant's prior felony conviction for negligent child abuse was admissible because it is relevant to Defendant's credibility and the conviction was not so similar to the charges in this case. Similarly, the district court did not abuse its discretion in allowing evidence of Defendant's intoxicated behavior while caring for her children on the date at issue in this case was admissible because it is important (a) for proving that, in this instance, Defendant was aggressive and the aggressor, and (b) for providing background, explanation, and context for the battery charges in this case.

{12} Because we cannot say that the district court abused its discretion, we affirm on this issue.

{13} **Issue 4:** Defendant continues to argue that her rights against double jeopardy were violated because she was convicted of both resisting, evading, or obstructing an officer and battery upon a peace officer, when her conduct was unitary. [DS 5; MIO 15-21] We affirm.

{14} As we discussed in the calendar notice, we generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy

violation. *See State v. Andazola*, 2003-NMCA-146, ¶ 14, 134 N.M. 710, 82 P.3d 77. Where factual issues are intertwined with the double jeopardy analysis, however, the trial court's fact determinations are subject to a deferential substantial evidence standard of review. *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737.

{15} In *Swafford v. State,* our Supreme Court set forth three separate protections afforded by the double jeopardy prohibition: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. 1991-NMSC-043, ¶ 6, 112 N.M. 3, 810 P.2d 1223. In this case, Defendant asserts double jeopardy protection against multiple punishments for the same offense.

{16} For the double jeopardy prohibition against multiple punishments, there are two types of cases: (1) when a defendant is charged with multiple violations of the same statute based on a single course of conduct, referred to as "unit of prosecution" cases; and (2) when a defendant is charged with violations of multiple statutes for the same conduct, referred to as "double description" cases. *State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61. Defendant asserts double jeopardy protection

in a double description case; that is, she asserts she was charged and convicted of violating two statutes for the same conduct.

{17} For "double description" cases, we apply a two-part test to determine whether a defendant's double jeopardy rights are violated: (1) whether the conduct is unitary, and (2) if so, whether the Legislature intended to create separately punishable offenses based on the statutes. *Swafford*, 1991-NMSC-043, ¶ 25. "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Id.* To address unitary conduct, we consider whether the defendant's acts are separated by sufficient "indicia of distinctness." *Id.* ¶ 26.

{18} In this case, Defendant was convicted of resisting, evading, or obstructing an officer, and of battery on a peace officer. Because the conduct giving rise to the two charges is not unitary, we hold that Defendant's double jeopardy rights were not violated. *Id.* ¶ 28 ("[I]f the conduct is separate and distinct, inquiry is at an end."). The officer testified that Defendant was verbally abusive; she struggled to prevent him from handcuffing her; and the struggle caused them both to go to the floor. [DS 4; MIO 4] This conduct led to the charge, the jury instruction, and Defendant's conviction for resisting, evading, or obstructing an officer. [RP 103] After Defendant was handcuffed and had been lifted to her feet, Defendant kneed the officer in the

9

groin, causing him pain. [DS 4; MIO 4] This conduct led to a separate charge, jury instruction, and Defendant's conviction for battery upon a police officer. [RP 99]

**{19}** Defendant's struggle against handcuffing on the one hand, and Defendant's distinct and intentional act of kneeing the officer in the groin after she was handcuffed and standing back up on the other, are acts separated by "indicia of distinctness." *See Swafford*, 1991-NMSC-043, ¶ 28 (explaining that "indicia of distinctness" are present when "two events are sufficiently separated by either time or space in the sense of physical distance between the places where the acts occurred" or if time and space considerations are not determinative, "resort must be had to the quality and nature of the acts or to the objects and results involved"); *see also State v. Barrera*, 2001-NMSC-014, ¶ 36, 130 N.M. 227, 22 P.3d 1177 (recognizing that "[d]istinctness may also be established by the existence of an intervening event, the defendant's intent as evinced by his or her conduct and utterances, the number of victims, and the behavior of the defendant between acts" (internal quotation marks and citation omitted)).

**{20}** We hold that Defendant's double jeopardy rights were not violated when Defendant was charged, convicted, and sentenced for the crimes of resisting, evading, or obstructing an officer and battery upon a peace officer.

**CONCLUSION**

{21} For the reasons set forth in the calendar notice and in this memorandum opinion, we affirm Defendant's convictions.

{22} **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**J. MILES HANISEE, Judge**